Tony W. Wong (CA State Bar No. 243324)
A. Justin Lum (CA State Bar No. 164882)
David and Raymond IP Law Firm
388 E. Valley Blvd., Suite 223
Alhambra, CA 91801
Telephone: (626) 447-7788
Facsimile: (626) 447-7783
Email: tonyw@dnriplaw.com
       justinl@dnriplaw.com

Attorneys for Plaintiff
Wok & Pan Ind., Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Wok & Pan Ind., Inc., a China Corporation,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>Staples Incorporated, a Massachusetts Corporation,<br><br>　　　　　　　　Defendant. | Case No. CV15-809<br><br>**(1) COMPLAINT FOR PATENT INFRINGEMENT** [35 U.S.C. § 271 *et seq.*]<br><br>**(2) DEMAND FOR JURY TRIAL** |

For its Complaint against Defendant Staples Incorporated ("Staples"), Plaintiff Wok & Pan Ind., Inc. ("Wok & Pan"), states the following:

## I.

## THE PARTIES

1. Wok & Pan is a China corporation with its principal place of business at Tangja Village, Gonming Town, Bao'an Dist., Shenzhen City, Guangdong, China, 518132.

2. Wok & Pan is informed and believes, and thereupon alleges, that Defendant Staples Incorporated is an Massachusetts corporation with a principal place of business at 500 Staples Drive, Framingham, Massachusetts 01702.

3. Upon information and belief, Defendant has substantial contacts and transacts substantial business, either directly or through its agents, on an ongoing basis in this judicial district and elsewhere in the United States.

4. Unless specifically stated otherwise, the acts complained of herein were committed by, on behalf of, and/or for the benefit of Defendant.

## II.

## NATURE OF THE ACTION

5. This is an action for patent infringement.

6. Wok & Pan is informed and believes, and thereupon alleges, that Defendant has been and is infringing, contributing to the infringement of, and/or actively inducing others to infringe claims of U.S. Patent No. 5,957,061 ("the '061 Patent"), and U.S. Patent No. 8,881,661 ("the '661 Patent," hereinafter collectively, "the Asserted Patents").

## III.

## JURISDICTION AND VENUE

7. This action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq*. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has jurisdiction over Defendant because it has substantial contacts and conducts substantial business in the state of California, in this judicial district and has been infringing, contributing to the infringement of, and/or actively inducing others to infringe the Asserted Patents in this District and elsewhere.

9. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 (a) (b) and (c) and /or 1400 (b) because a substantial part of the events giving rise to Wok & Pan's

claims occurred in the Central District of California and because Defendant is subject to personal jurisdiction in the Central District of California.

## IV.

## FACTUAL BACKGROUND

10. The Asserted Patents relate to technology used in foldable tables that provide flexibility and portability. Wok & Pan is the owner of the Asserted Patents by assignment from their inventors, Mei-Fei Chang and Ping-Cheng Tsai. Based on the patented technology, Wok & Pan has designed, and developed products that it markets and sells worldwide.  Wok & Pan has relied on and invested in the patented technology in order to grow its markets and its business, and has relied on the United States Patent system to protect both the technology and the business that has resulted from its investments.

11. On September 28, 1999, U.S. Patent No 5,957,061 ("the '061 Patent") titled "Banquet Table" issued to Mei-Fang Chang, providing a banquet table "including a table surface, upper frames fixedly installed on the bottom side of the table surface, and leg frames which are rotatably connected to the upper frames so as to allow the leg frames to be folded inward and toward the bottom side of the table surface. The table surface can also be formed by two sections for folding. The two-section banquet table also includes a pair of hinges for connecting the upper frames on each table section. The

hinges are designed to include two facing pressure resisting sections so that when the table is extended, the pressure of the table is applied on the pressure resisting sections, instead of the connecting pin shafts." A true and correct copy of the '061 patent is attached as Exhibit "A" and incorporated herein by reference.

12. On November 11, 2014, U.S. Patent No. 8,881,661 ("the '661 Patent") titled "Foldable Table" issued to Ping-Cheng Tsai. This patent discloses a foldable table that "includes a first tabletop panel, a second tabletop panel, and a reinforcing frame which includes first through fourth reinforcing members mounted along longitudinal sides of the first and second tabletop panels respectively, a first transverse member transversely extended between outer end portions of the first and second reinforcing members at the first tabletop panel, and a second transverse member transversely extended between outer end portions of the third and fourth reinforcing members at the second tabletop panel. Two ends of the first transverse member are affixed to the first and second reinforcing members in a non-rotatably movable manner. Two ends of the second transverse member are affixed to the third and fourth reinforcing members in a non-rotatably movable manner. Therefore, the first and second transverse members enhance the rigidity of the reinforcement frame to support two transverse sides of the first and second tabletop panels respectively." A true and correct copy of the '661 Patent is attached as Exhibit "B" and incorporated herein by reference.

13. At all relevant times, the rights in the Asserted Patents have been owned by their inventors, and assigned to Wok & Pan.

## V.

## CLAIMS FOR RELIEF

## COUNT 1

### (Patent Infringement of U.S. Patent No 5,957,061 ('061 Patent) Under 35 U.S.C. § 271 *et seq.*)

14. Wok & Pan incorporates by reference and realleges paragraphs 1 through 13 above as though fully restated here.

15. Wok & Pan is informed and believes that Defendant has infringed, contributory infringed and/or induced the infringement of the '061 Patent through its production and sale of products using the technology that is proprietary to Wok & Pan under the '061 Patent.

16. Wok & Pan is informed and believes that Defendant has provided infringing products to the market under various names including and other product names, including a product identified by item number 8315095. The aforementioned and any other infringing products may be referred to collectively as the "Accused Products."

17. Wok & Pan is informed and believes that Defendant makes the Accused Products available through various marketing channels, including a distribution network that conducts direct sales through its stores, and Internet sales.

18. Wok & Pan believes that Defendant's acts of marketing the Accused Products directly and in connection with customers and other parties constitute direct and contributory and/or induced infringement of the '061 Patent. Wok & Pan believes that Defendant has not only violated the proprietary rights of Wok & Pan, but has encouraged and induced others to do so, through its marketing channels and sales networks and the continued sale of the Accused Products through Defendant's direct and third party marketing channels.

19. Wok & Pan believes that Defendant Staples is liable for infringement by designing the Accused Products in a manner that infringes Wok & Pan's proprietary technology under the '061 Patent, and further liable for contributory and induced infringement by encouraging others to market, sell and use the Accused Products.

20. Wok & Pan is entitled to recover from Defendant the actual damages it has sustained as a result of Defendant's wrongful acts as alleged herein, in an amount to be proven at trial under 35 U.S.C. § 284.

21. Wok & Pan is informed and believes and thereupon alleges that Defendant's infringement has been and continues to be willful and deliberate, in disregard for Wok & Pan's patent rights, and that Wok & Pan is thereby entitled to increased damages up to three times the amount of actual damages and attorney's fees, pursuant to 35 U.S.C. §§ 284 and 285.

22. Defendant's continued infringement of the '061 Patent will continue to damage Wok & Pan in a manner that is causing irreparable harm for which there is no adequate remedy at law unless it is enjoined by this Court.

23. Wok & Pan therefore is informed and believes and thereupon alleges that Defendant has infringed and continue to infringe the claims of the '061 Patent, literally or under the doctrine of equivalents by making, using, offering for sale and selling (directly and through intermediaries or third parties) the Accused Products in this District and elsewhere in the United States.

24. Wok & Pan is informed and believes and thereupon alleges Defendant has contributed and continue to contribute to the literal infringement and/or infringement under the doctrine of equivalents of the claims of the '061 Patent, and have actively induced and continue to actively induce others to infringe the claims of the '061 Patent,

literally and under the doctrine of equivalents in this District and elsewhere in the United States.

**COUNT 2**

**(Patent Infringement of U.S. Patent No. 8,881,661 (the '661 Patent)**

**under 35 U.S.C. § 271** *et seq.)*

25. Wok & Pan incorporates by reference and realleges paragraphs 1 through 24 above as though fully restated here.

26. Wok & Pan is informed and believes that Defendant has infringed, contributory infringed and/or induced the infringement of the '661 Patent through its production and sale of products using the technology that is proprietary to Wok & Pan under the '661 Patent.

27. Wok & Pan is informed and believes that Defendant has provided infringing products to the market under various names including and other product names, including a product identified by item number 8315095. The aforementioned and any other infringing products may be referred to collectively as the "Accused Products."

28. Wok & Pan is informed and believes that Defendant makes the Accused Products available through various marketing channels, including distribution networks that conduct direct sales through stores, and Internet sales.

29. Wok & Pan believes that Defendant's acts of marketing the Accused Products directly and in connection with customers and other parties constitute direct and contributory and/or induced infringement of the Asserted Patent. Wok & Pan believes that Defendant has not only violated the proprietary rights of Wok & Pan, but has encouraged and induced others to do so, through its marketing channels and sales networks and the continued sale of the Accused Products through Defendant's direct and third party marketing channels.

30. Wok & Pan believes that Defendant Staples is liable for infringement by designing the Accused Products in a manner that infringes Wok & Pan's proprietary technology under the '661 Patent, and further liable for contributory and induced infringement by encouraging others to market, sell and use the Accused Products.

31. Wok & Pan is entitled to recover from Defendant the actual damages it has sustained as a result of Defendant's wrongful acts as alleged herein, in an amount to be proven at trial under 35 U.S.C. § 284.

32. Wok & Pan is informed and believes and thereupon alleges that Defendant's infringement has been and continues to be willful and deliberate, in disregard for Wok & Pan's patent rights, and that Wok & Pan is thereby entitled to increased damages up to three times the amount of actual damages and attorney's fees, pursuant to 35 U.S.C. §§ 284 and 285.

33. Defendant's continued infringement of the '661 Patent will continue to damage Wok & Pan in a manner that is causing irreparable harm for which there is no adequate remedy at law unless it is enjoined by this Court.

34. Wok & Pan therefore is informed and believes and thereupon alleges that Defendant has infringed and continue to infringe the claims of the '661 Patent literally or under the doctrine of equivalents by making, using, offering for sale and selling (directly and through intermediaries or third parties) the Accused Products in this District and elsewhere in the United States.

35. Wok & Pan is informed and believes and thereupon alleges Defendant has contributed and continue to contribute to the literal infringement and/or infringement under the doctrine of equivalents of the claims of the '661 Patent, and has actively induced and continue to actively induce others to infringe the claims of the '661 Patent,

1  literally and under the doctrine of equivalents in this District and elsewhere in the United
2  States.
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28 //

# VI.
# PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Wok & Pan asks this Court to enter judgment in its favor against Defendant and grant the following relief:

A. An adjudication that Defendant has infringed and continues to infringe the Asserted Patents as alleged above;

B. An accounting of all damages sustained by Wok & Pan as a result of Defendant's acts of infringement of the Asserted Patents;

C. An award to Wok & Pan of actual damages adequate to compensate Wok & Pan for Defendant's acts of infringement, together with pre-judgment and post-judgment interest;

D. An award to Wok & Pan of enhanced damages, up to and including the trebling of Wok & Pan damages pursuant to 35 U.S.C. § 284 for Defendant's willful infringement of the Asserted Patents.

  E. An award for Wok & Pan's cost of suit and reasonable attorneys' fees pursuant to 35 U.S.C. 285 due to the exceptional nature of this case; or as otherwise permitted by law.

  F. A grant of permanent injunction pursuant to 35 U.S.C. 283, enjoining Defendant and each of its agents, servants employees, principals, officers, attorneys, successors, assignees and all those in active concert with Defendant, including related individuals and entities, customers, representatives, OEM's, dealers and distributors, from further acts of (1) infringement, (2) contributory infringement, and (3) active inducement to infringe with respect to the claims of the Asserted Patents, and;

  G. Any further relief that this Court deems just and proper.

Dated: February 4, 2015    DAVID AND RAYMOND IP LAW FIRM

            s/Tony W. Wong/
            TONY W. WONG
            A. JUSTIN LUM, Of Counsel

            Attorneys for Plaintiff
            Wok & Pan Ind., Inc.

## **DEMAND FOR JURY TRIAL**

Plaintiff Wok & Pan Ind., Inc. hereby demands a jury trial on all issues triable as of right to a jury.  FED. R. CIV. P. 38(b).


Dated:  February 4, 2015          DAVID AND RAYMOND IP LAW FIRM


                                  s/Tony W. Wong/
                                  TONY W. WONG
                                  A. JUSTIN LUM, Of Counsel

                                  Attorneys for Plaintiff
                                  Wok & Pan Ind., Inc.